IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVER SAMUEL MONTENEGRO OLIVAS,

    Petitioner,

v.   No. 2:25-cv-01197-MLG-GJF

TODD LYONS, Acting Director of U.S.
Immigration and Customs Enforcement, et al.,

    Respondents.

**ORDER PARTIALLY GRANTING EMERGENCY MOTION TO ENFORCE COURT ORDER AND COMPEL PRODUCTION OF AUDIO RECORDING**

    This matter is before the Court on Petitioner Ever Samuel Montenegro Olivas's Emergency Motion to Enforce Court Order and Compel Production of Audio Recording ("Emergency Motion"), Doc. 27. Montenegro Olivas alleges that Respondents have failed to comply with this Court's January 16, 2026, Order, Doc. 21, to "provide the Court with an audio recording of [his] January 14 individualized custody redetermination hearing" no later than 5 p.m. Friday, January 23, 2026. *Id.* at 1-2. Montenegro Olivas argues that he is prejudiced by Respondents' failure to produce the Court-ordered audio recording since this recording is "necessary for meaningful judicial review of his . . . challenge[] [to the custody redetermination] hearing."[1] Doc. 27 at 3; *see*

---

[1] The Court takes this opportunity to express its strong disinclination to review an Immigration Judge's ("IJ") determination that a person is not entitled to release following a bond hearing. That is consistent with other decisions from this district. *See, e.g.,* Order Denying Petitioner's Request for Additional Relief, *Martinez-Hernandez v. Lyons, et al.*, No. 2:25-cv-01094-DHU-KBM (D.N.M. filed Jan. 29, 2026); Order Denying Emergency Motion to Enforce, *Requejo Roman v. Castro et al.*, No: 2:25-cv-01076-DHU-JHR (D.N.M. filed Jan. 15, 2026). This preference also accords with relevant legal authority holding that a district court may not review an IJ's discretionary bond determinations. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the . . . denial of

1

*generally* Doc. 20 (petitioning the Court to "enforc[e] the Court's prior Order granting § 2241 relief and directing a § 1226(a) bond hearing with the Government bearing the burden by clear and convincing evidence"). He requests the following relief to "prevent further prejudice:"

1. Enforce Doc. 21 and order Respondents to provide the audio recording of the January 14, 2026, hearing within 24 hours of the Court's order (or by a date certain the Court selects);

2. Require Respondents to file, by the same deadline, a declaration under penalty of perjury from a responsible official or counsel describing:
   a. where the recording is maintained or in whose custody it currently resides;
   b. all steps taken to request and obtain it;
   c. why compliance has not occurred; and
   d. the specific date and method by which the recording will be produced.

3. If Respondents do not comply by the Court-ordered deadline, issue an Order to Show Cause why Respondents should not be sanctioned for failure to comply with Doc. 21; and

4. Grant such further relief as the Court deems just and proper, including any relief necessary to cure prejudice caused by continued noncompliance.

*Id.* at 4 (citation modified).

The Court's records indicate the Government met its January 23, 2026, deadline to file its opposition to Montenegro Olivas's Emergency Motion, to inform the Court of the outcome of his

---

bond or parole."); *accord* 8 C.F.R. § 1003.10(a) (noting that IJs are appointed by the Attorney General to "act as the Attorney General's delegates in the cases that come before them"). As such, the Court may not review the IJ's factual findings regarding flight risk or dangerousness, nor can it review the IJ's application of those findings to make a final bond-eligibility determination. The Court's habeas jurisdiction over bond-eligibility determinations is strictly limited to constitutional challenges to the "extent of the Government's detention authority under the [INA's] 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, at 295-96 (2018); *see also Demore v. Kim*, 538 U.S. 510, 516 (2003) ("[R]espondent does not challenge a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release. Rather, respondent challenges the statutory framework that permits his detention without bail."). In all other instances—which inherently involve the IJ's discretionary judgment—the proper channel for appealing an IJ's determination of bond ineligibility is an appeal to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 236.1(d)(3).

January 20, 2026, individual merits hearing, and to provide the Court with a copy of an audio recording of the January 14, 2026, bond hearing. *See* Docs. 21-24. The audio exhibit lodged with the Court on January 23, 2026, was not a format that the Court could accept. Accordingly, Respondent was asked on January 30, 2026, to resubmit it.

That request was made nearly a month ago, and the Court has not received an update from Respondents regarding the resubmission of the audio. Accordingly, the Court will partially grant Montenegro Olivas's requests and set a deadline of 5 p.m. Thursday, March 5, 2026, for Respondents to either (1) provide a copy of a properly formatted audio recording of the January 14, 2026, bond hearing; (2) furnish an authenticated transcription of the hearing if audio formatting is impracticable; or (3) file a declaration that explains why the Court's request has not been met, outlines the steps taken to produce the recording/transcription since the Court's January 16, 2026, Order, Doc. 21, and sets a firm date by which the requested recording/transcription will be lodged with the Court.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA