**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

EVER SAMUEL MONTENEGRO OLIVAS,

      Petitioner,

v.                                        No. 2:25-cv-01197-MLG-GJF

TODD LYONS, in his official capacity as
Acting Director of U.S. Immigration and
Customs Enforcement, et al.,

      Respondents.

**ORDER DENYING PETITIONER'S EMERGENCY MOTION TO ENFORCE AND
AMEND ORDER AND TO STAY IMMIGRATION COURT INDIVIDUAL HEARING**

This matter is before the Court on Petitioner Ever Samuel Montenegro Olivas's Emergency

Motion to Enforce and Amend Order and to Stay Immigration Court Individual Hearing ("Motion

to Enforce"), Doc. 20. Montenegro Olivas, a citizen and national of Nicaragua, is being detained

at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 1; Doc. 13 at 3-4;

Doc. 16 at 1-2. He filed a Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, and a

subsequent Emergency Motion for Temporary Restraining Order and Preliminary Injunction

("Motion for TRO"), Doc. 13, seeking his immediate release from custody or, in the alternative,

to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a).[1] Doc. 1 at 10, Doc. 13 at 8-9. After

---

[1] Upon reviewing Montenegro Olivas's Petition, it is apparent that he was released on his own
recognizance ("ROR") in January 2023, Doc. 13-3, which necessarily involved a factual
determination that he was neither a flight risk nor a danger to the community. *See* 8 C.F.R. §
1236.1(c)(8)) (explaining that a noncitizen may be released if they "demonstrate to the satisfaction
of the officer that such release would not pose a danger to property or persons, and that the
[noncitizen] is likely to appear for any future proceeding"). Montenegro Olivas asserts that he
complied with all conditions of his release and that no change in circumstances warranted
revocation of his ROR. Doc. 13 at 4. Despite this, he was re-detained without notice or a pre-
deprivation hearing after being arrested at a U.S. Customs and Border Protection ("CBP")

federal Respondents filed their Response to the Petition and Motion for TRO, Doc. 16, the Court concluded that Montenegro Olivas's detention was governed by § 1226(a) rather than § 1225. *See* Doc. 18 at 4. Accordingly, the Court ordered that Montenegro Olivas receive a bond hearing at which federal Respondents would be required to justify Montenegro Olivas's continued detention by clear and convincing evidence. *Id.* at 5. A bond hearing was held on January 14, 2026, during which Immigration Judge ("IJ") Jacinto Palomino denied bond because (1) Montenegro Olivas is a "flight risk" based on his "manner of entry[;]" (2) the "one-year bar" to untimely asylum applications may apply, and (3) the "ACA may apply."[2] Doc. 19-2. Montenegro Olivas's Motion to Enforce seeks review of the IJ's discretionary decision to deny bond. *See* Doc. 20. As federal Respondents note in their objections to the Motion to Enforce, this Court does not have jurisdiction to hear such a challenge. *See* Doc. 22 at 2-3 (citing § 1226(e)); *Order Partially Granting Emergency Motion to Enforce Court Order and Compel Production of Audio Recording*, Doc. 28, at 1 n.1 (outlining the relevant legal authority preventing the district court's review of an IJ's

---

checkpoint on October 14, 2025. *Id.* at 3; Doc. 16-3 at 2. Federal Respondents do not dispute that Montenegro Olivas did not receive a pre-deprivation hearing nor do they argue that Montenegro Olivas's ROR was ever formally revoked. *See* Doc. 16. They also do not assert that conditions material to Montenegro Olivas's ROR changed prior to his re-detention. *See id.* If the Court understands the facts presented correctly, Montenegro Olivas's current detention may be a violation of his due process rights and immediate release may be warranted. *See, e.g.*, *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026). The Court cannot grant immediate release, however, as Singh does not raise these arguments in his Petition. *See* Doc. 1.

[2] The United States Department of Homeland Security has entered into an Asylum Cooperative Agreement ("ACA") with countries such as Guatemala, Honduras, and El Salvador. *See Fact Sheet: DHS Agreements With Guatemala, Honduras, and El Salvador*, Dep't of Homeland Sec. (Apr. 10, 2025), https://www.dhs.gov/sites/default/files/publications/19_1028_opa_factsheet-northern-central-america-agreements_v2.pdf [https://perma.cc/MNZ2-LA6R].

discretionary bond determination). The Motion to Enforce, Doc. 20, is therefore denied for lack of jurisdiction.[3]

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] Montenegro Olivas also asked the Court to stay his immigration hearing scheduled for January 20, 2026, pending resolution of his Motion to Enforce. Doc. 20. This hearing has already occurred. Doc. 23 at 1. This request is now moot.